# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SPEAK UP WEKIVA, INC,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:20-cv-1173-Orl-22DCI**

**RONALD DESANTIS,**

      **Defendant.**

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte* on review of the allegations of Plaintiff's Complaint (Doc. 1) alleging claims against Defendant Governor Ronald DeSantis in his official capacity.

Plaintiff Speak Up Wekiva, Inc. is a Florida non-profit "dedicated to conserving and protecting Florida's shared natural resource lands and waters" in the Greater Wekiva River Basin and in other Orange County bodies of water. (*Id.* at 2). The 2,200-member non-profit seeks a declaration that a provision in a newly-enacted law,[1] the "Florida Clean Waterways Act," signed by Governor DeSantis last week, on June 30, 2020, is unconstitutionally vague under the Fourteenth Amendment[2] to the United States Constitution. (*Id.*). Although there does not appear to have been any attempt to enforce any provisions of the Act in the few days it has been the law of Florida, the non-profit group seeks to enjoin Governor DeSantis from enforcing a specific provision of the Act, Florida Statute § 403.412(9)(a), which reads:

> A local government regulation, ordinance, code, rule, comprehensive plan, charter, or any other provision of law may not recognize or grant any legal rights to a plant,

---

[1] The Complaint refers to the challenged provision as part of Senate Bill 712. (Doc. 1 at 1).

[2] Plaintiff also asserts a claim for violation of the Ninth Amendment of the United States Constitution, however, the Ninth Amendment standing alone provides no particular constitutionally guaranteed freedoms and does not confer any rights beyond those granted by other portions of the constitution. *See Gibson v. Matthews*, 926 F.2d 532 (6th Cir. 1991); *Hightower by Dahler v. Olmstead*, 959 F. Supp. 1549, 1557–58 (N.D. Ga. 1996), *aff'd*, 166 F.3d 351 (11th Cir. 1998).

>an animal, a body of water, or any other part of the natural environment that is not a person or political subdivision as defined in s. 1.01(8) or grant such person or political subdivision any specific rights relating to the natural environment not otherwise authorized in general law or specifically granted in the State Constitution.

(Doc. 1 ¶ 17).

Although asserted as three individual counts in Plaintiff's Complaint, Counts 1, 2, and 3 assert nearly identical § 1983 pre-enforcement challenges under the Fourteenth Amendment – contending that § 403.412(9)(a) is unconstitutionally and "incomprehensibly" vague, and not "factually specific" on its face or as-applied. (Doc. 1 ¶¶ 37, 38, 41, 43, 49, 51, 61). "Plaintiff seeks an injunction compelling [Governor DeSantis] to refrain from enforcing this unconstitutional preemptive statute, and for an order enjoining [him] from using provisions of that statute to interfere with a vote by Orange County residents on a proposed charter amendment" regarding Orange County waterways "which is to be placed on the ballot for Orange County voters on November 3, 2020." (*Id.* at 3).

Plaintiff asserts jurisdiction under the Declaratory Judgment Act[3], §§ 2201, and 2202; and 42 U.S.C. §§ 1983. (*Id.* at 4).[4]  Plaintiff alleges this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 and venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b). (*Id.* at 3-4).

However, it appears that Plaintiff's claims against Governor DeSantis are barred by the Eleventh Amendment's grant of sovereign immunity to the States. A court may raise an Eleventh Amendment issue on its own motion. *McWilliams v. Escambia Charter Sch.*, 144 F. App'x 840, 843 (11th Cir. 2005) (unpublished) (affirming district court's *sua sponte* dismissal of § 1983 claim

---

[3] "[O]peration of the Declaratory Judgment Act is procedural only." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). The plaintiff must allege facts showing that the controversy is within the court's original jurisdiction. *Id.* Thus, 42 U.S.C. § 1983 serves as the sole basis of federal jurisdiction in this case.

[4] Plaintiff also cites to the All Writs Act, 28 U.S.C. § 1651; however, the All Writs Act merely authorizes writs in aid of courts' respective jurisdictions and does not provide independent basis for federal subject matter jurisdiction. *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065 (11th Cir. 2001), *aff'd sub nom. Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002).

against the Florida Attorney General in his official capacity)[5]; *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1259 (11th Cir. 2001) (citing *Whiting v. Jackson State University*, 616 F.2d 116, 126 n. 8 (5th Cir. 1980)). Because the Court is in doubt whether Plaintiff's § 1983 claims against Governor DeSantis are barred by sovereign immunity, Plaintiff will be ordered to show cause why its § 1983 claims against this state official should be dismissed.

Alternatively, assuming *arguendo* Plaintiff's § 1983 claims are not barred by sovereign immunity, the Court is also in doubt whether venue properly lies in this District. Plaintiff will be ordered to show cause expeditiously why this case should not be transferred to the United States District Court for the Northern District of Florida, Tallahassee Division, where Governor DeSantis performs his official duties.

*A. Eleventh Amendment Immunity*

Plaintiff brings a pre-enforcement challenge to § 403.412(9)(a), arguing the provision is invalid because it violates the United States Constitution,[6] Plaintiff is suing Governor DeSantis in his official capacity, seeking to enjoin him from the state's potential future enforcement of § 403.412(9)(a) and application of it to "prohibit" placement of the charter amendment on the November 2020 ballot. (Doc. 1 at 32-33; ¶¶ 38, 43, 61).

"Under the Eleventh Amendment, 'a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment.'" *Osterback v. Scott*, 782 F. App'x 856, 858 (11th Cir. 2019) (quoting

---

[5] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

[6] Plaintiff implicitly seeks to have the Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over its additional claims for violations of Florida law on municipalities and provisions of the Florida Constitution. (Doc. 1, Counts 4-7 (alleging, among other things, that the provision infringes upon the Home Rule Powers of counties and municipalities). The Court will address the issue of whether to exercise or decline supplemental jurisdiction over Plaintiff's state statutory and constitutional claims upon consideration of Plaintiff's response to this Order to Show Cause. *See* 28 U.S.C. § 1367 ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.").

*Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011)). However, under the legal "fiction" created by the United States Supreme Court in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Osterback*, 782 F. App'x at 858 (quoting *Grizzle*, 634 F.3d at 1319). "Under *Ex parte Young*, a litigant must bring his case 'against the state official or agency responsible for enforcing the allegedly unconstitutional scheme.'" *Id.* at 858–59 (quoting *ACLU v. Fla. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993)). The state officer in question "must, at a minimum, have some connection with the enforcement of the provision at issue." *Id.* (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998)). "Unless the state officer has some responsibility to enforce the statute or provision at issue, the 'fiction' of *Ex parte Young* cannot operate." *Id.* at 859 (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999)). "Where the named defendant lacks any responsibility to enforce the statute at issue, 'the state is, in fact, the real party in interest,' and the suit remains prohibited by the Eleventh Amendment." *Id.* (quoting *Summit Med. Assocs.*, 180 F.3d at 1341).

Moreover, the Eleventh Circuit has held that "[u]nder the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law." *Women's Emergency Network v. Bush*, 323 F.3d 937, 950 (11th Cir. 2003) (citing *Supreme Ct. of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731–34, 100 S.Ct. 1967, 1974–76, 64 L.Ed.2d 641 (1980)); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute.").

Because the Court is in doubt whether Plaintiff's § 1983 claims against Governor DeSantis are barred by the Eleventh Amendment, Plaintiff will be ordered to show cause why Counts I, II, and III against the Governor should not be dismissed.

*B. Transfer of Venue*

Plaintiff alleges venue is proper in this Court under 28 U.S.C. § 1391(b). (Doc. 1 at 4). Venue for "all civil actions brought in district courts of the United States" is governed by 28 U.S.C. § 1391. Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b). "When venue is challenged, the plaintiff bears the burden of showing that venue in a forum is proper." *Steinger v. Fl. Bar*, No. 6:14–CV–348–ORL–37, 2014 WL 1612945, at *1 (M.D. Fla. Apr. 22, 2014) (citation omitted). If a case is filed in the wrong district, "the district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a); *see also Ford v. Supreme Court of Fl.*, No. 6:06–cv–3-Orl-31JGG, 2006 WL 1382075, at *6 (M.D. Fla. May 18, 2006) (transferring disabled bar examinee's claims against Florida Board of Bar Examiners and the Supreme Court of Florida from the Middle District to the Northern District of Florida).

Under § 1391(b)(1), individuals sued in their official capacity are generally deemed to reside in the district where they perform their official duties. *See Steinger*, 2014 WL 1612945, at *1 (citation omitted). As the Governor of Florida, Ronald DeSantis performs his official duties in Tallahassee, Florida. *See* Fla. Stat. § 14.01 ("The Governor shall reside at the head of government, and the Governor's office shall be in the capitol."). Thus, venue is appropriate in the Northern District under § 1391(b)(1).

Under § 1391(b)(2), a civil case may be brought in a judicial district in which a "substantial part of the events or omissions" giving rise to the claim occurred. "In evaluating whether acts support venue under Section 1391(b)(2), 'only the events that directly give rise to a claim are relevant and . . . only those acts and omissions that have a close nexus to the wrong are properly weighed in the substantial part analysis.' . . . The court must 'focus on the actions of the defendant, not of the plaintiff.'" *Ford*, 2006 WL 1382075, at *5 (internal citations omitted); *see also Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (noting that courts look "only those acts and omissions that have a close nexus to the wrong" to determine whether a substantial part of the events or omissions giving rise to the claim occurred in a specific district).

As currently framed, to the extent Plaintiff asserts claims against Governor DeSantis related to the Florida Clean Waterways Act, the enactment of the law occurred in Tallahassee, Florida. *See Verity v. Scott*, No. 2:12-cv-609-Ftm-38, 2014 WL 3053171, *5 (M.D. Fla. July 7, 2014) (transferring, rather than dismissing, § 1391(b)(2) venue of a suit against the governor for revisions to the Clemency Rules); *cf. Fox v. Paterson*, No. 10-CV-6240, 2010 WL 11545717, at *5 (W.D.N.Y. May 13, 2010) (declining to transfer a case to the judicial district encompassing the New York governor's main office where claims arose out of his failure to proclaim a special election in a congressional district which was located entirely within a different judicial district).

Because the Court is in doubt as to whether venue is proper in this District, Plaintiff will be ordered to show cause why the case should not be transferred to the Northern District of Florida.

Based on the foregoing, it is ordered as follows:

1.      Plaintiff is **ORDERED** to show cause within 14 days: (1) why the claims against Governor DeSantis should not be dismissed based on sovereign immunity, and, alternatively, (2) why the case should not be transferred to the Northern District of Florida where the Governor performs his official duties.

- 7 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 9, 2020.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties